*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CP.

---

TMP,

        Petitioner-Appellee,

v

CP,

        Respondent-Appellant.

UNPUBLISHED
December 29, 2022

No. 359666
Clare Circuit Court
LC No. 20-900211-PP

---

Before: PATEL, P.J., AND CAMERON AND LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the order finding him guilty of criminal contempt of court for violating a domestic personal protection order (PPO). His sentence included a fine, which the trial court would waive if he completed a deposition in his divorce case. Because the trial court lacked jurisdiction to adjudicate this case, we reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In June 2020, petitioner sought a PPO against respondent. Petitioner and respondent were married at the time, but were going through divorce proceedings. According to petitioner, respondent had harassed her and threatened to harm her. The trial court granted the petition for an ex parte PPO, which included a number of restrictions against respondent. Sometime after respondent was served the PPO, petitioner moved to show cause, alleging respondent violated the terms of the PPO.

The trial court conducted a criminal contempt hearing on the motion. Neither party was represented by counsel and a prosecutor did not enter an appearance. Petitioner testified about the events leading to the motion to show cause. She also read aloud two letters from her coworkers describing respondent's conduct at her workplace. The trial court found respondent guilty and he was sentenced as noted. This appeal followed.

## II. JURISDICTION

Respondent argues the evidence presented during the contempt proceedings was inadmissible, and therefore the trial court should not have relied on it in finding him guilty. He further contends his counsel during the sentencing phase of the proceedings was ineffective. Respondent also believes the trial court violated his Sixth Amendment right to counsel. We decline to address these issues because the trial court lacked jurisdiction to adjudicate petitioner's motion to show cause.

### A. STANDARD OF REVIEW

Whether a trial court has subject-matter jurisdiction to consider a case is a question of law that we review de novo. *In re Estate of Huntington*, 339 Mich App 8, 16; 981 NW2d 72 (2021). We also review de novo the interpretation of statutes and court rules. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). We "interpret[] court rules using the same principles that govern the interpretation of statutes." *In re McCarrick/Lamoreaux,* 307 Mich App 436, 446; 861 NW2d 303 (2014) (quotation marks and citations omitted). That is, we must give effect to the intent of the statute or court rule. *Id.* "The language of the court rule itself is the best indicator of intent. If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary." *Id.*

### B. LAW AND ANALYSIS

Although respondent's arguments on appeal do not challenge the trial court's jurisdiction, "[a] court is, at all times, required to question sua sponte its own jurisdiction." *In re Farris/White*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357743); slip op at 2 (quotation marks and citation omitted). The following authorities explain a trial court's jurisdiction with respect to criminal contempt proceedings arising from a PPO violation.

MCL 764.15b(7) states, in part:

> The prosecuting attorney shall prosecute a criminal contempt proceeding initiated by the court under subsection (2) or initiated by a show cause order under subsection (4), unless the party who procured the personal protection order retains his or her own attorney for the criminal contempt proceeding or the prosecuting attorney determines that the personal protection order was not violated or that it would not be in the interest of justice to prosecute the criminal contempt violation.

Similarly, MCR 3.708(G) provides: "In a criminal contempt proceeding commenced under MCL 764.15b, the prosecuting attorney shall prosecute the proceeding unless the petitioner retains his or her own attorney for the criminal contempt proceeding."

This Court recently examined these authorities in *In re LT*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356667). The petitioner in that case moved to show cause, contending the respondent had violated a nondomestic PPO. *Id.* at ___; slip op at 2. The trial court conducted criminal contempt proceedings, at which petitioner appeared *in propria persona* and no prosecutor appeared. *Id.* After the hearing, the trial court entered an order finding the respondent guilty of criminal contempt of court for violating the PPO. *Id.* at ___; slip op at 4.

On appeal, this Court reversed the trial court's order, concluding "[t]he absence of a proper prosecutor constituted a jurisdictional defect" which rendered the respondent's conviction void. *Id*. at ___; slip op at 8. In reaching this conclusion, this Court agreed with the respondent that, under the plain language of MCL 764.15b(7) and MCR 3.708(G), either a prosecutor or a private attorney is required to prosecute a criminal contempt charge, and the absence of either impermissibly "put[s] the trial court in the dual role of advocate and fact-finder." *Id*. at ___; slip op at 7.

In this case, petitioner appeared *in propria persona* and no prosecutor appeared. Therefore, the trial court lacked authority to proceed with petitioner's motion to show cause and it should have dismissed the motion on this basis. Because the trial court proceeded without jurisdictional authority, its finding of guilt against respondent is void.

Reversed and remanded for an order consistent with this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica